

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Claude A. Williams
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-1625
Re: Construction of Article 5064,
Revised Civil Statutes of Texas,
1925, with respect to limitations
against corporation receiving a
portion of agent's compensation.

This will acknowledge receipt of your letter
of October 25, 1939, in which you request the opinion
of this department on the question therein set out.

We deem it essential to herein set out the
pertinent parts of your letter as follows:

"We have had submitted to us an application
tion for charter for a proposed corporation to
be known as 'Texas State Life Underwriters, In-
corporated' which seeks a charter for the pur-
poses set forth in Article 1304b, R. C. S.,
1925.

"The incorporators seek to turn in to the
corporation in payment of its capital stock cer-
tificates of interest and/or units in and to
Texas State Life Underwriters, a trust estate
of which Thomas S. Falvey is Trustee, and which
said Trustee is the owner and holder of a con-
tract with Texas State Life Insurance Company,
an insurance corporation organized and existing
under the laws of this State for the purpose of
engaging in the life insurance business and by
the terms of said contract, the said Trustee is
given a 10% interest in and to the gross premium
income of Texas State Life Insurance Company, a
corporation. A copy of said contract is attached
hereto for your inspection.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude A. Williams, Page 2

"It is the opinion of this office that
should we grant this charter and Thomas S.
Falvey agrees to pay to the corporation a
percentage of his commission that he would
ipso facto forfeit his right to act as the
Agent of an insurance company and the Texas
State Life Insurance Company would be subject
to having its right to do business forfeited
and if either one or both of these things
occurred, the interest in the trust estate
hereinabove referred to would be rendered
worthless.

"If Thomas S. Falvey agrees, by contract,
to pay to the proposed corporation the divi-
dends, which would otherwise go to the unit
holders in the Trust Estate, would such act
be in violation of Article 5064, R. C. S.,
1925?"

Article 5064, Revised Civil Statutes of Texas,
1925, reads:

"No corporation or stock company shall
be licensed or granted a certificate of au-
thority as the agent or representative of any
life insurance company in soliciting, selling
or in any manner placing life insurance poli-
cies or contracts in the State. No life in-
surance company shall be granted a certificate
of authority to transact business in this
State, which has or is bound by any valid sub-
sisting contract with any other corporation,
by virtue of which such other corporation is
entitled to receive, directly or indirectly,
any percentage or portion of the premium or
other income of such life insurance company
for any period/ No person shall be granted
a certificate of authority as the agent of any
life insurance company who enters into any con-
tract with any corporation other than such life
insurance company, by virtue of which such other
corporation is entitled to receive, directly or
indirectly, any compensation earned by him as
agent for such life insurance company, or any
percentage or portion thereof for any period.Q

Hon. Claude A. Williams, Page 3

The above article was taken from Senate Bill 291, General Laws of Texas, 1909, page 192, which bill was a lenghhy measure providing for the incorporation, regulation and supervision of life, accident and health companies.

It appears from information furnished this office that the Texas State Mutual Iife Insurance Company, after its organization, entered into a contract with Dr. Thos. S. Falvey during the year 1934, by the terms of which Dr. Falvey was given a twenty-year general agency contract; that thereafter, the Texas State Life Insurance Company was formed and the insurance of Texas State Mutual Iife Insurance Company was reinsured by such new company and by appropriate action the Falvey contract became an obligation of the Texas State Life Insurance Company. In the interim, Dr. Falvey created a "trust estate" and sold "certificates of interest in and to Texas State Iife Underwriters". The certificate so sold had as their financial basis a one-half interest in and to the Falvey contract.

It is urged by the attorney for the proposed corporation, the "Texas State Life Underwriters, Inc." that "at no time and under no condition is the general agency contract to be transferred or delivered to the new corporation, this being a contract held independently by Dr. Falvey". How can it be urged that such contract is being held independently by Dr. Falvey when he has issued certificates of interest based upon one-half of the income provided by such contract to various and sundry persons who now propose to use such certificates of interest in payment of shares of stock in a new corporation? Can it be urged that the new corporation, by virtue of the ownership of the certificates of interest in and under such Falvey contract will not be "entitled to receive, directly or indirectly, any compensation earned by him as agent for such life insurance company"?

It is the opinion of this department that the new corporation, if chartered, would be entitled indirectly to receive a portion of the compensation provided by the Falvey contract in violation of Article 5064, supra.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*

Lloyd Armstrong
Assistant

LA:AW


APPROVED NOV 20, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

